# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GEORGE WEATHERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:10-CV-137-TLS |
| S. J. NAVES, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

George Weathers, a *pro se* Plaintiff, filed a § 1983 Complaint. He did not pay the filing fee, seek leave to proceed *in forma pauperis*, or provide summonses or USM-285 forms. Although this Court's usual practice is to issue a deficiency order in such a situation, because the Complaint does not state a claim upon which relief can be granted, it would be futile to direct him to cure these deficiencies.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curium) (quotation marks and citations omitted). Nevertheless, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Plaintiff's claims are contained in a single paragraph. While he was confined in the Elkhart County Jail, "Lt. Naves called me a black Mother Fucker. Then on another occasion Lt. Naves told Officer Beato over a P.A. system to tell me to stop crying like a bitch and to lock my black ass down in segregation." (Compl. 2, DE 1.) Accepting these allegations as true, they

do not do not state a claim because "[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution," and because "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Although these remarks, as alleged, would be inappropriate and unprofessional, they do not provide a basis for the Plaintiff to state a valid claim, and this case must be dismissed.

For the forgoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on April 22, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION